IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL P. CARBONEL and MARISOL V. CARBONEL,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ARA LOANS AND REALTY, INC., et al.,<br><br>　　　　Defendants. | No. C 10-03418 CRB<br><br>**ORDER REMANDING MATTER TO STATE COURT AND DENYING MOTIONS TO DISMISS AS MOOT** |

### I. BACKGROUND

On July 6, 2010 Plaintiffs filed an action in California state court against several Defendants in connection with the refinancing of their home loan. The Complaint sets forth thirteen causes of action, none of which is expressly federal. Defendant Residential Mortgage Capital removed this matter from California Superior Court on August 4, 2010 pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (b). On August 10, 2010, Plaintiffs filed a Motion to Remand and for attorneys' fees and costs. (Dkt. 7.) The next day Defendant Residential Mortgage Capital filed a Motion to Dismiss (Dkt. 10.) as did Defendants Aurora Loan Services Incorporated and Mortgage Electronic Registration Systems Incorporated (Dkt. 12).

　　For the reasons set forth below, Plaintiffs' Motion to Remand (Dkt. 7) is granted insofar as it seeks remand to the Superior Court of the State of California, County of San

Mateo.  See 28 U.S.C. § 1447(c).  As the Court will not be exercising jurisdiction in this matter, Defendants' respective Motions to Dismiss (Dkt. 10 and 12) are denied as moot.

## II. DISCUSSION

### A. Legal Standard Governing Removal Jurisdiction

Removal of a case from state to federal court is appropriate where "the district courts of the United States have original jurisdiction . . . ."  28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Once it appears that "the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  This Court must "strictly construe the removal statute against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988); Takeda v. Northwestern Natl. Life Ins. Co., 765 F.2d 815, 818 (9th Cir. 1985); Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

Residential Mortgage Capital predicated its removal of this action upon the purported existence of a federal question.  (Defendant Residential Mortgage Capital's Notice of Removal, Dkt. 1 at ¶¶ 3, 6.)  Federal question jurisdiction is presumed to be absent unless the plaintiff alleges (1) a federal claim; (2) a state claim that requires resolution of a substantial issue of federal law; or (3) a state claim that Congress has transformed into an inherently federal claim by completely preempting the field.  Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 247, 260 (1916); Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mnfg., 545 U.S. 308, 313 (2005); Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 559-60 (1968).

Whether one of these three criteria exist depends upon application of the "well-pleaded complaint" rule, under which a plaintiff can block removal by deliberately choosing to ignore potential federal claims and allege only state law claims.  Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808-809 (1986); Rains v. Criterion Sys. Inc., 80 F.3d 339, 344, 347 (9th Cir. 1996).  A plaintiff cannot, however, defeat removal of a federal claim by disguising it or pleading it artfully as a state law cause of action.  Federated

Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 n.2 (1981). Because Plaintiffs in this case have not alleged federal claims as such, the Court must determine whether the state claims are artfully pled federal claims.

### B.    Plaintiffs' Claims Are Not Artfully Pled Federal Claims

The only one of Plaintiffs' causes of action that specifically includes allegations regarding federal law is the Seventh, which is for violation of section 17200 of the California Business and Professional Code. (See Verified Complaint attached to Removal Notice at ¶¶ 74-82, Dkt. 1.) Specifically, this cause of action includes allegations of underlying violations of three federal statutes: the Real Estate Settlement Procedures Act ("RESPA"); the Equal Credit Opportunity Act ("ECOA"); and the Truth in Lending Act ("TILA").

The inclusion by Plaintiffs of these allegations in their section 17200 claim does not create a federal question because they will "just shape [the] court's interpretation" of the claim. See Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009). The allegations are not a necessary part of the claim "because [P]laintiff[s] could prevail . . . by showing any 'unlawful, unfair, or fraudulent [business act or] practice' independent of the federal law allegations." Montoya v. Mortgageit Inc., No. C 09-05889 SI, 2010 WL 546891, at *3 (N.D. Cal. Feb. 10, 2010); see also California v. H & R Block, Inc., No. C06-2058-SC, 2006 WL 2669045, at *4 (N.D. Cal. Sept. 18, 2006) (finding that incorporation of TILA violation into section 17200 claim does not confer "arising under" jurisdiction); Fleenor v. Community One Fin., 2:10-cv-01302, 2010 WL 2889767, at *2-*3 (E.D. Cal. July 21, 2010) (finding that incorporation of allegations regarding TILA, RESPA and ECOA into section 17200 claim does not confer jurisdiction).

//
//
//
//
//
//

3

## III. CONCLUSION

Accordingly, Plaintiffs' Motion to Remand (Dkt. 7) is GRANTED insofar as it seeks remand of this matter to the Superior Court of the State of California, County of San Mateo and is DENIED in all other respects. Defendants' Motions to Dismiss (Dkt. 10 and 12) are DENIED as moot.

**IT IS SO ORDERED.**

Dated: August 12, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2010\3418\Remand Order.wpd     4